# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

**DAMON LEE DAMRON,**

        **Petitioner,**

v.

        Case No. 24-CV-482-RAW-GLJ

**AMY PIERCE,**

        **Respondent.**

## OPINION AND ORDER

Petitioner Damon Lee Damron ("Damron") commenced this action in 2024 by filing a 28 U.S.C. § 2254 petition for writ of habeas corpus. Dkt. 1. Damron seeks federal habeas relief from his post-sentence detention stemming from Case No. CF-23-271 in the District Court for the Choctaw Nation of Oklahoma. Dkt. 1 at 1.[1] Respondent filed a Motion to Dismiss arguing Damron failed to exhaust his tribal remedies. Dkts. 24 and 25.

### I. Background

Damron advances the following claims: 1) violation of the "Indian Civil Relief Act," 2) double jeopardy violation; 3) due process violation; and 4) violation of the applicable statute of limitations. Dkt. 1. Damron alleges he has not presented these issues because "Choctaw disbarred me" but he also alleges he has presented these issues to the prosecutor, judge, councilmen, court clerk, Robert Appalo and James Dry. *See id.* at 6, 8. Damron requests "immediate release, compensate[ion] for time served or help[] with housing[.]" *Id.* at 15.

As noted, Respondent contends Damron failed to exhaust his tribal remedies requiring dismissal of the instant Petition. *See* Dkt. Nos. 24 and 25. Damron did not file a formal Response to Respondent's Motion to Dismiss. Damron did file various letters with the court attaching filings

---

[1] The court's citations refer to CM/ECF header pagination.

from the underlying state court and District Court for the Choctaw Nation of Oklahoma proceedings. *See, e.g.,* Dkts. 26, 27, 28, 29, 30, 31, 32, 33, 34, 35 and 37. In these filings, Damron continues to advance his position that he never "had a truck with this Tag # JQP 488 Oklahoma" and "ID # not mine 0875 Oklahoma not me, mine is OK X6628X[.]" *See, e.g.,* Dkt. 27 at 1.

In these filings, Damron does not explicitly address Respondent's exhaustion argument. Damron does contend he was "disbarred" but all he attaches is an excerpt from a motion filed by the Choctaw Nation of Oklahoma requesting the District Court for the Choctaw Nation of Oklahoma impose filing restriction upon Damron. *See* Dkt. 30-1.[2] In another filing, filed two months after Respondent's Motion to Dismiss, Damron states he is responding to the Motion to Dismiss but re-urges his previous arguments without addressing exhaustion. *See* Dkt. 32.

## II.    Analysis

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994).

> Despite § 1303's lack of an express exhaustion requirement, this court has suggested that § 1303 petitioners must exhaust tribal court remedies. *See Dry v. CFR Court of Indian Offenses for Choctaw Nation*, 168 F.3d 1207, 1209 (10th Cir.1999) (reversing and remanding the dismissal of a habeas corpus petition for "the district court [to] consider, in the first instance, whether Petitioners have sufficiently exhausted their tribal remedies"); *Harvey ex rel. Chavez v. Star*, 1996 WL 511586, at *1 n.2 (10th Cir. Sept. 10, 1996) (unpublished) (stating that "the exhaustion requirement controlling our disposition under [28 U.S.C.] § 1331 applies as well to § 1303").

*Valenzuela v. Silversmith*, 699 F.3d 1199, 1206 (10th Cir. 2012).

A review of the Petition reveals Damron has only sought relief from the Choctaw Nation District Court and the jail itself. *See* Dkt. No. 1. There is no allegation that he has sought relief

---

[2] It does appear the District Court for the Choctaw Nation did impose filing restrictions upon Damron. *See* Dkt. 25-1 at 81-82.

from the Choctaw Nation's Court of Appeals. *See id.; see also* Dkt. 25 at 10. Further, Damron's position that he has exhausted his tribal remedies due to the imposition of filing restrictions is unavailing. There is no indication in the record or otherwise that the Choctaw Nation's Court of Appeals imposed a filing restriction or that he ever attempted to file anything with the Choctaw Nation's Court of Appeals. Damron has not established that any of the exceptions to exhaustion apply. *See Valenzuela,* 699 F.3d at 1207. Accordingly, this action shall be dismissed without prejudice for Damron's failure to exhaust his tribal court remedies. *See Danderson v. Page*, Case No. 24-CV-208-JFH-GLJ, 20224 WL 3913051 (E.D. Okla. Aug. 20, 2024) (Dismissing pretrial detainee's § 1303 petition for writ of habeas corpus for failure to exhaust tribal remedies).[3]

In addition, the court declines to issue a certificate of appealability because the court finds that no reasonable jurists would debate the dismissal of the petition on failure-to-exhaust grounds. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### III. Conclusion

**IT IS THEREFORE ORDERED** that Respondent Amy Pierce's Motion to Dismiss (Dkt. 24) is **granted**; Petitioner Damon Lee Damron's Petition (Dkt. 1) is **dismissed without prejudice**; a separate judgment of dismissal shall be entered; and a certificate of appealability is **denied**.

**IT IS FURTHER ORDERED** that Damron's Motion for Status Conference (Dkt. 40) is **denied as moot**.

**DATED** this 21st day of January, 2026.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE

---

[3] The court cites all unpublished decisions herein as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).